# 8123

| | | |
|---|---|---|
| AARON ROSEN | : | NO. 8123 |
| versus | : | COURT OF APPEAL |
| REMEDIAL LOAN SOCIETY | : | PARISH OF ORLEANS |

WILLIAM A. BELL, JUDGE:

May 1st, 1922.

*Court of Appeal*
PARISH OF ORLEANS
FILED MAY 8/22
Armstrong

# 8123

BY: WILLIAM A. BELL, JUDGE:

This is a suit brought by plaintiff against the defendant Company, alleging that plaintiff is the owner of two certain United States of America War Saving Certificates, Series 1918, to which is attached thirty-four War Saving Stamps, of the value of $5.00 each, or a total of One Hundred and Seventy Dollars, ($170.00); that during February of 1919 petitioner received notice from defendant Company that the Company had in its possession a note signed by plaintiff, which would shortly mature, and that upon receipt of said notice plaintiff went to the Company's office, and to his surprise found that the note in question was one bearing his signature, which had been forged, and that in security of said note , which was dated in the month of November, 1918, that defendant had taken as collateral to said note, certain of the aforesaid War Saving Stamps belonging to petitioner, which War Saving Stamps had been stolen from petitioner about three months previous; that the said War Saving Stamps in possession of defendant Company were not transferable, and could not legally be transferred to the defendant Company by anyone except petitioner, who was the true owner thereof, and that accordingly, petitioner made demand upon the defendant Company for surrender to him of the said certificates and stamps attached thereto.

Petitioner has prayed for a judgment against the Company in the sum of One Hundred and Seventy Dollars ($170.00), and that the Company be condemned in the alternative, to pay to petitioner the value of said War Saving Certificates at the date of the institution of this suit, said value being fixed at One Hundred and Forty-Eight Dollars and Fifty Cents ($148.50)., or for such additional amount as would represent the value of said War Saving Stamps at the time of judgment rendered.

Defendant answers the suit, and for want of sufficient information, practically denies all of the allegations of the petition, except that amicable demand had been made for the adjustment, as herein prayed for, and then further answering,

109

the defendant avers that he received two certain War Saving Certificates in pledge of a certain note, signed by one representing himself as A. Rosen, the said certificates being designated as Nos. 07088577 and 30488433, to both of which are attached ten War Saving Stamps, of the matured value of $5.00 each, and having the value at the time of the filing of defendant's answer, of $4.37, each.

It is unnecessary to here relate other averments in defendant's answer. The evidence in this case shows that plaintiff was the undoubted owner of the two Certificates, and the War Saving Stamps attached thereto as above described, and that he never, at any time, as is admitted by the defendant, had any business transactions whatever with the defendant Company. The testimony offered by defendant is to the effect that the party known by him as A. Rosen, was not the petitioner, and it is evident that the transaction had with the unknown party arose from the forgery, for which petitioner is not liable, and of which petitioner was wholly ignorant, until receiving written notice of demand for payment of the forged note.

The Certificates above described, appear to have been offered in the record by the defendant, but the record of appeal does not contain either the note or the said Certificates. At the trial before this Court, neither defendant nor his counsel appeared. In plaintiff's brief, as well as in his petition, the latter being duly attested by him, it is stated that the Certificates claimed by him from the defendant Company contain on their face the following stipulation:

"This Certificate is of no value except to the owner named hereon, and is not transferable."

The Certificates not being before this Court for examination, and no appearance having been made by defendant and appellant herein, the Court will assume that the allegations of plaintiff's petition concerning the stipulation above quoted are true, and will therefore conclude, as a proposition of law, that the Certificates, not being transferable in any way, could not

have been taken by the defendant Company as security for the alleged fradulent note, and that the defendant Company was charged with the duty of knowing the true owner of the Certificates at the time they were received in pledge.

This case is one involving purely issues of fact.

The judgment of the Lower Court is affirmed, at defendant's cost in both courts.

JUDGMENT AFFIRMED.